UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TONY RIPPETO, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:14-CV-00961-AGF |
| ALLON INDUSTRIES, INC., d/b/a/ HEITZ MACHINE & MANUFACTURING CO., et al., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This action is before the Court on Plaintiffs' motion for default judgment against Defendant Allon Industries, Inc. d/b/a Heitz Machine & Manufacturing Co. ("Heitz"). Plaintiffs brought this action against Heitz and Douglas DeBellis under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Sections 3(5) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(5), 1145. Plaintiffs District No. 9, International Association of Machinists and Aerospace Workers ("Union"); District No. 9, International Association of Machinists and Aerospace Workers Pension and Welfare Trusts ("Trusts"); and members of the Joint Boards of Trustees of the Pension Trust and Welfare Trust ("Trustees") (collectively, "Plaintiffs") seek to hold Defendants jointly and severally liable for unpaid contributions to the Trusts, liquidated damages, and attorneys' fees.

Plaintiffs' original complaint was filed against Heitz on May 22, 2014.[1] Heitz's corporate counsel resigned on December 30, 2014. An amended complaint naming Heitz

---

[1] The original complaint was made solely by the Trustees.

and DeBellis was filed on February 12, 2015.  Defendant DeBellis has filed a timely answer in this case, but Heitz has not.  On April 24, 2015, a Clerk's Entry of Default was entered against Heitz.   Plaintiffs also filed a motion for default judgment on April 20, 2015.

Plaintiffs' amended complaint alleges that Defendant Heitz, in violation of the collective bargaining agreement between the parties, failed to make required contributions to the company's Pension and Welfare Trusts.  Plaintiffs seek payments of at least $26,450.00 to the Pension Trust and at least $156,201.00 to the Welfare Trust, plus liquidated damages, costs, and reasonable attorneys' fees.

Plaintiffs' complaint further alleges that DeBellis engaged in a scheme to defraud the Welfare Trust and Heitz employees by withholding $43,384.00 from paychecks meant to go towards payment for health insurance premiums, and instead used the funds to purchase supplies and materials for Heitz.  Therefore, Plaintiffs seek to hold DeBellis jointly and severally liable for all amounts owed by Heitz.

Plaintiffs argue that default judgment is warranted against Heitz because Heitz has failed to answer the amended complaint.  Plaintiffs also note that Heitz has not retained new counsel, and a corporation may not proceed pro se in federal court.  *United Fire & Cas. Co. v. Titan Const. Serv.*, 4:10-CV-2076 CAS, 2014 WL 5017923, at *2 (E.D. Mo. Oct. 7, 2014) (citing *Roland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)).

The Court recognizes that default judgments are not favored by courts, and the entry of such should be a "rare judicial act." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993).  Though Plaintiffs only move for default judgment as to Heitz, the

relief sought in Plaintiffs' motion would necessarily affect the defenses and arguments that DeBellis may raise against Plaintiffs. Thus, after careful consideration, the Court will deny without prejudice Plaintiffs' motion for default judgment to avoid the possibility of inconsistent results in this case. *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) ("When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment."); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some . . . of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved.").

Accordingly,

**IT IS HEREBY ORDERED**, that Plaintiffs' motion for default judgment against Defendant Allon Industries, Inc. d/b/a Heitz Machine & Manufacturing Co. is **DENIED without prejudice**. (Doc. No. 42.)

**IT IS FURTHER ORDERED** that the Clerk's Office shall serve a copy of this Order on Heitz, at the address on file.

                                        /s/ Audrey G. Fleissig
                                        AUDREY G. FLEISSIG
                                        UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2015.